UNITED STATES, Appellee

v.

Robert F. MARTIN, Specialist
U.S. Army, Appellant.

No. 68,469.
CMR No. 9102498.

U.S. Court of Military Appeals.

Argued Nov. 1, 1993.

Decided March 23, 1994.

For Appellant: *Captain Michael E. Smith* (argued); *Colonel Malcolm H. Squires, Jr., Lieutenant Colonel James H. Weise, Major James M. Heaton* (on brief); *Colonel Stephen D. Smith and Captain Michael A. Egan.*

For Appellee: *Captain Glenn L. Kirschner* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Joseph A. Russelburg, Major Timothy W. Lucas* (on brief); *Major Joseph C. Swetnam.*

*Opinion of the Court*

SULLIVAN, Chief Judge:

On November 9, 1991, appellant was tried by a general court-martial composed of a military judge sitting alone at Dhahran, Kingdom of Saudi Arabia. Pursuant to his pleas, he was found guilty of one specification of wrongfully opening and stealing certain mail matter (five compact discs); two specifications of wrongfully stealing certain mail matter (a black and white dress; and a black teddy), and one specification of wrongfully appropriating certain other mail matter (two sets of desert camouflage uniforms), in violation of Articles 134 and 121, Uniform Code of Military Justice, 10 USC §§ 934 and 921, respectively. The military judge sentenced him to a bad-conduct discharge, confinement for 1 year, total forfeitures, and reduction to E–1. On December 22, 1991, the convening authority, pursuant to a pretrial agreement, approved the adjudged sentence, except for confinement exceeding 6 months. The Court of Military Review affirmed the findings of guilty and the approved sentence on August 13, 1992.

On January 29, 1993, this Court granted review of two issues * raised by appellate defense counsel. The first issue asks:

WHETHER THE MILITARY JUDGE ERRED BY ACCEPTING APPELLANT'S GUILTY PLEA TO SPECIFICATION 1 OF THE CHARGE BECAUSE INSUFFICIENT FACTS WERE ELICITED TO SUPPORT A FINDING OF GUILTY FOR STEALING MAIL MATTER UNDER UCMJ ART. 134.

---

* We also granted review of the issue regarding the Appointments Clause, which has been resolved in the Government's favor in *Weiss v. United States,* —— U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994).

We hold that the military judge did not err by accepting appellant's guilty plea to wrongfully stealing mail matter consisting of a black and white dress. *See generally United States v. Prater*, 32 MJ 433 (CMA 1991); *United States v. Harrison*, 26 MJ 474 (CMA 1988).

Appellant pleaded guilty by exceptions and substitutions to the following specification under Article 134:

> SPECIFICATION: 1: In that [appellant] did, at Dhahran, Kingdom of Saudi Arabia, between the date of 28 September 1991 and 10 October 1991, *wrongfully open and steal certain mail matter*, to wit: one package, containing one (1) black and white dress, addressee unknown, which said package was then in the Military Post Office before said package was delivered to or received by the addressee.

(Emphasis added.)

He pleaded not guilty to the words "open and." Trial counsel, nevertheless, told the military judge that such a plea conformed with the pretrial agreement. The military judge then accepted this plea and found appellant guilty of the modified specification.

A stipulation of fact, accepted by the military judge concerning this offense, states in pertinent part:

> On or about 18 August 1991, SPC Martin was assigned for duty to the Military Postal Section [sic] (MPO), Dhahran, Saudi Arabia. Prior to beginning work in the MPO SPC Martin signed a Mail Security Statement.
>
> [Portions of said statement omitted.]
>
> SPC Martin signed the Mail Security Statement on 31 August 1991.
>
> Above his signature it states: I, Robert F. Martin, have read, had explained to me, and understand the paragraphs above concerning mail security and offenses against the mail.
>
> On or about between 28 September and 10 October 1991, SPC Martin was working at the MPO. His place of duty at the MPO was the redirect section. The redirect section handles mail which needs to be forwarded or redirected to another location before delivery to the addressee. SPC

> Martin's duty as a postal mail clerk was to safe guard and forward to the addressee packages and letters which were sent to the redirect section.
>
> *While working in the redirect section SPC Martin stole nine (9) items out [of] the MPO. All of these items were in the Military Postal System, and all of these items were considered "mail matters."* SPC Martin's stealing of these items was wrongful, and the stealing was by SPC Martin before the mail matters were delivered to or received by the addressee. SPC Martin['s] stealing of these mail matters was under the circumstances prejudicial to the good order and discipline of the armed forces or was of a nature to bring discredit upon the armed forces.
>
> *Specifically, on or about between 28 September and 10 October 1991, SPC Martin stole on two (2) separate occasions a black and white dress, and a black teddy, out of the redirect section of the MPO. Once the items were removed from the packages SPC Martin placed the items into a gym bag which he had brought into the MPO. At the end of the duty day, SPC Martin departed the MPO with his gym bag and the items.* Upon returning to his barracks SPC Martin gave the item to a female soldier, PFC Deborah Collier.

(Emphasis added.)

----

Appellant asserts that "[t]he facts elicited from" him by the military judge "concerning specification 1 of the Charge fail to show that he stole mail matter." Final Brief at 4. He acknowledges that his stipulation of fact might generally suggest that he stole the black and white dress from the mail. Nevertheless, he notes that his direct responses to the guilty plea inquiry of the trial judge contradict such an inference and establish *only his belief* that the dress in question was mail matter. At worst, he contends that his guilty-plea responses show only that he received the black and white dress from another soldier who *may* have removed it from a mail package. Thus, citing this Court's holding in *United States v. Manausa*, 12 USCMA

37, 30 CMR 37 (1960), he asserts that this dress was not mail matter when he received it and that he should not have been found guilty of stealing mail matter. *See* para. 93, Part IV, Manual for Courts–Martial, United States, 1984; *cf.* para. 106b, Part IV, Manual, *supra* (receiving stolen property).

Appellant pleaded guilty to "wrongfully . . . steal[ing] certain mail matter, to wit: one package, containing one (1) black and white dress." Such a plea should not be lightly regarded by appellate courts. *See United States v. Harrison, supra.* Moreover, appellant specifically admitted in the stipulation of fact that he "stole . . . a black and white dress . . . out of the redirect section of the MPO [Military Post Office]. Once the items were removed from the packages," he had them in his gym bag. *See United States v. Phillips,* 7 USCMA 737, 23 CMR 201 (1957). Finally, it is readily apparent from the stipulation of fact that appellant was not the addressee of the package containing the dress or an authorized representative thereof. *Cf. United States v. Manausa,* 12 USCMA at 41, 30 CMR at 41. Accordingly, this part of the record clearly established that the black and white dress was mail matter within the meaning of Article 134 and paragraph 93, Part VI, Manual, *supra.*

Nevertheless, appellant also informed the judge that he did not see the mail package opened and the dress removed therefrom, although he believed that had occurred. A similar problematic response was considered by this Court in *United States v. Moglia,* 3 MJ 216 (CMA 1977). There, we held that an accused's plea of guilty to involuntary manslaughter could be sustained even though the accused stated that "he was not personally aware" that the decedent victim ingested the heroin which the accused provided. We held that, where the record of trial establishes "an accused's assessment" that other government evidence exists on this question, an adequate factual basis exists to support the guilty plea. *Id.* at 218.

Here, appellant admitted that the dress was removed by him from the redirect section of the military post office where he worked. However, he also acknowledged that it was given to him at his work station by a fellow postal clerk, Private Roy. *See United States v. Moglia, supra.* Furthermore, he admitted that he knew that this fellow worker did not have this dress when she went to work that morning and that on another occasion she had given him an item taken from the mail. Finally, his guilty-plea responses show that it was a regular practice of the postal clerks in that office to seize items for later transfer to other postal clerks who had a particular interest in such items. In light of these admitted circumstances, we conclude that no substantial basis exists in law and fact to question appellant's guilt of stealing mail matter. *See generally United States v. Prater,* 32 MJ at 436.

The decision of the United States Army Court of Military Review is affirmed.

Judges COX, CRAWFORD, GIERKE, and WISS concur.