**UNITED STATES**

v.

**Technical Sergeant Steven N. EDDY, FR509–48–4472 United States Air Force.**

**ACM 30783.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 3 July 1993.

Decided 10 Feb. 1995.

---

11. 10 U.S.C. § 866(c) (1994).

Appellate Counsel for Appellant: Colonel Jay L. Cohen, Captain Eric N. Eklund, Mr. Vaughan E. Taylor and Mr. Robert A. Parks.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise, Major John H. Kongable, and Captain Timothy G. Buxton.

Before DIXON, YOUNG, and BECKER, Appellate Military Judges.

OPINION OF THE COURT

YOUNG, Senior Judge:

This is another case in which the accused pled guilty desiring to obtain the benefit of his pretrial agreement, hedged on his admissions of culpability to the military judge, asked for special consideration from the sentencing authority and the convening authority for pleading guilty, and then on appeal asserts that his plea is improvident.

Appellant pled guilty to sodomy with a child, three specifications of indecent acts with a child and one specification of indecent acts with another, and two specifications of violating his commander's orders. Arts. 125, 134, and 92, UCMJ, 10 U.S.C. §§ 925, 934,

892 (1988). Pursuant to a pretrial agreement, two additional specifications of indecent acts with a child were withdrawn. The military judge sentenced appellant to a dishonorable discharge, confinement for 12 years, and reduction to E–1. Appellant assigns three errors: (1) appellant's pleas of guilty to the three specifications of indecent acts with a child were improvident; (2) appellant's plea of guilty to one specification of disobeying his commander's order was improvident; and (3) the sentence is too severe. We find appellant's pleas to the specifications alleging indecent acts with a child were improvident, modify the findings, but affirm the sentence.

## I. Facts

Appellant's wife had three children during her marriage to another active duty military member. As part of routine visitations, these children, Jessica (ages 10–11), Dawn (ages 16–17), and David, stayed with their mother and appellant. On divers occasions, over two summers, appellant masturbated to ejaculation in the presence of Jessica, and fondled and kissed her breasts. On one occasion, he removed the lower part of her bathing suit, performed cunnilingus on her, and stuck his finger into her vagina. During that second summer, appellant joined a friendly water fight among the three children outside his trailer. He held Dawn to the ground and assisted in untying her bathing suit top and removing her bathing suit below the waist. He told Jessica to get a camera from the trailer, and while he continued to hold down the struggling Dawn, had Jessica photograph the naked lower half of Dawn's body. During the subsequent investigation of these offenses, appellant's commander ordered him to refrain from making contact with his stepchildren. Thereafter, appellant contacted both Dawn and Jessica.

## II. Providence of Guilty Pleas

### A. Issues

Appellant contends that his pleas to indecent acts with a child are improvident because he never admitted that his acts were done with the intent to gratify his sexual desires. The government concedes error. Appellant also asserts that his plea to one of the disobedience specifications is improvident because he did not believe he was violating the order at the time of the offense. The government argues that this claim is without merit.

### B. The Law

■ "A providence inquiry into a guilty plea must establish, *inter alia,* 'not only that the accused himself believes he is guilty but also that the factual circumstances as revealed by the accused himself objectively support that plea.'" *United States v. Higgins,* 40 M.J. 67, 68 (C.M.A.1994) (quoting *United States v. Davenport,* 9 M.J. 364, 367 (C.M.A.1980)); *see* R.C.M. 910(c)–(e). If at any time during the proceeding, the accused "sets up matter inconsistent with the plea," the military judge must resolve the inconsistency or reject the plea. Article 45(a), UCMJ, 10 U.S.C. § 845(a); *see* R.C.M. 910(h)(2); *United States v. Timmins,* 21 U.S.C.M.A. 475, 45 C.M.R. 249, 253 (1972). However, appellate courts should not lightly regard such guilty pleas. *United States v. Martin,* 39 M.J. 111, 113 (C.M.A.1994). We will not reject an accused's guilty plea unless we find a substantial conflict, not the mere possibility of conflict, between the pleas and the accused's statement or the evidence of record. *United States v. Prater,* 32 M.J. 433, 436 (C.M.A.1991) (citing *United States v. Logan,* 22 U.S.C.M.A. 349, 351, 47 C.M.R. 1, 3 (1973)).

### C. Indecent Acts with a Child

■ The military judge advised appellant that there were six elements of the offense of indecent acts with a child. In general, the elements are:

(1) that appellant committed certain acts with or upon the body of a certain person;

(2) that the person was a child under the age of 16 years;

(3) that the act was indecent;

(4) that the person was not his spouse;

(5) that appellant committed the act with intent to gratify his sexual desires; and,

(6) that under the circumstances, this conduct was to the prejudice of good order and discipline or service discrediting.

The military judge tailored the elements of the offense to meet the allegations contained in each of the three specifications (Charge III, specifications 1, 2, and 6).

After explaining the elements of specification 1 of Charge III, the military judge asked appellant, "Do you believe and admit that those elements taken together correctly describe what you did?" Appellant replied that he disagreed with the fifth element—that he committed the acts with the intent to gratify his sexual desires. The military judge postponed discussion of this element and reviewed each of the remaining elements with appellant. Appellant was reluctant to admit that his acts were indecent or amounted to prejudicial or service discrediting conduct. Instead, he admitted that his acts are "recognized as indecent" and that "reasonably prudent people" would conclude they were indecent and prejudicial to good order and discipline or service discrediting.

When the military judge asked him what his problems were with admitting to the fifth element of the offense, appellant said, "I contend that they were acts committed to become intimate and be close with Jessica.... To share a loving relationship.... Emotionally and closely with one another." Appellant further denied that an intent to gratify his sexual desires was even one of his intents at the time of the acts. He did admit, however, that gratification of his sexual desires was a by-product of the indecent acts. Appellant told the military judge he was convinced that reasonably prudent court members would find beyond a reasonable doubt that he did have the requisite intent "[b]ecause that seems to be the opinion of a prudent man for these acts." Appellant conceded that he was so convinced he would be found guilty he was willing to plead guilty and waive his "right to have that particular element placed before the trier of fact." The military judge further stated that he did not want appellant to feel that he was being railroaded into a guilty plea and that he was "pleading because you believe that, in your heart, that you are guilty and that a trier of fact would find you guilty." Appellant responded, "Yes, Your Honor, I would agree with that."

During the military judge's questioning concerning specifications 2 and 6 of Charge III, appellant more readily admitted the acts were indecent and that such conduct was prejudicial to good order and discipline or service discrediting. However, he reiterated his concerns about admitting the acts were done with intent to gratify his sexual desires. He again stated his belief that court members would find beyond a reasonable doubt that he did have such an intent. In the stipulation of fact, appellant admits that the acts in all three specifications gratified his sexual desires, but makes no reference to his intent.

The offense of indecent acts with a child is somewhat peculiar. One would think the offense is the same as indecent acts, with a sentence enhancing element for offenses committed against children under 16 years of age. Although we believe the President has the authority, under Article 56, UCMJ, 10 U.S.C. § 856 (1994), to add such a sentence enhancer to the offense of indecent acts, he has not. The offense of indecent acts with a child, instead, was drafted from a District of Columbia Code provision. *United States v. Neblock*, 40 M.J. 747, 750 (A.F.C.M.R.1994) (citing *United States v. Brown*, 3 U.S.C.M.A. 454, 13 C.M.R. 10, 12 (1953)), *pet. granted*, —— M.J. —— (C.M.A.1994). An element of that offense, but not indecent acts, is that "the accused committed the act with the intent to arouse, appeal to or gratify the lust, passions, or sexual desires of the accused, the victim, or both." *Manual for Courts-Martial, United States, 1984*, Part IV, ¶ 87b(1)(d).

While we believe this issue is a close one, the government's concession of error is appropriate—appellant failed to admit that he had the requisite intent to commit the offense. An argument can be made that, while not admitting to the specific legal terminology, appellant's responses indicate that he did in fact intend to gratify his sexual desires. *See United States v. Proctor*, 34 M.J. 549, 557 (A.F.C.M.R.1992) (intent to gratify sexual desires can be inherent in the acts themselves). Appellant also agreed that court members would find him guilty of this element beyond a reasonable doubt.

A federal district judge may accept a guilty plea even when the accused insists he is innocent. *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970). But, under the UCMJ, "a military judge cannot allow a guilty plea to stand if the defense offers 'inconsistent' matter, even though clearly the accused and his counsel have made a sound tactical judgment that, in light of the evidence available to the prosecution, such a plea would be in the accused's best interest." *United States v. Clark*, 28 M.J. 401, 406 (C.M.A.1989); *but see United States v. Penister*, 25 M.J. 148, 153 (C.M.A. 1987) (Cox, J., concurring) (Article 45, UCMJ, does not require an accused to admit unequivocally each and every element of an offense).

■ We find the accused's guilty plea to the three specifications of indecent acts with a child (specifications 1, 2, and 6 of Charge III) were improvident. Appellant's responses during the providence inquiry substantially conflicted with his pleas of guilty. The military judge's attempts at clarification elicited little more than that appellant and his counsel had decided that it was in appellant's best interest to plead guilty. He never acknowledged he had the requisite specific intent to commit the offenses. Nevertheless, we decline to adopt the government's suggestion that we send the case back to the convening authority for a new hearing on findings and sentence. Under Article 59(b), UCMJ, 10 U.S.C. § 859(b) (1994), this Court may affirm "so much of the finding as includes a lesser-included offense." We find that appellant's admissions to the military judge establish his guilt, under specifications 1, 2, and 6, of Charge III, of the lesser-included offenses of indecent acts, also violations of Article 134, UCMJ.

We recognize that "a plea of guilty may be improvident if it is predicated upon a substantial misunderstanding on the accused's part of the maximum punishment to which he is subject." *United States v. Walker*, 34 M.J. 264, 266 (C.M.A.1992) (quoting *United States v. Windham*, 15 U.S.C.M.A. 523, 525, 36 C.M.R. 21, 23 (1965)). The offense of indecent acts has a maximum sentence to confinement of 5 years compared with 7 years for indecent acts with a child. As the military judge found specification 6 of Charge III was multiplicious with the sodomy specification, finding appellant guilty of the lesser-included offenses reduces the maximum sentence from 40 years to 36. We do not believe this difference would result in appellant having a substantial misunderstanding of the sentence.

## D. Disobeying an Order

■ On 17 July 1992, appellant's commander notified him that he was under investigation for committing indecent acts and ordered him "to refrain from making contact, either in person or by telephone, with your step children [Dawn], David, and Jessica." The order was read to appellant, and he was given a copy. Nevertheless, appellant wrote a note to Dawn and went to the trailer in which she was staying with friends in order to deliver it. Dawn opened the door of the trailer and he delivered the note to her without speaking to her. During the providence inquiry, the military judge advised appellant of the elements of the offense. Appellant admitted that those elements correctly described what he did. Later, he stated that, at the time he delivered the note, he did not believe he was disobeying the order because he made no oral communication to Dawn and the order did not say anything about written communications. When the military judge asked about the personal contact, appellant admitted such contact was clearly in violation of the terms and intent of the order. Appellant claims that his plea was improvident because he did not have the requisite *mens rea* to commit the offense. We disagree. The military judge clarified the ambiguity in appellant's responses such that we are convinced appellant understood the order prohibited personal contact with Dawn and he accepted the risk of violating the order by trying to deliver a note to her at the trailer in which she lived.

## E. Caveat

Military judges are often faced with an accused who wishes to plead guilty—"whether because of repentance, a favorable pretrial agreement, or an expectation that such a plea

will induce a lower sentence at trial. However, [the accused] also wishes to present evidence which will make his case seem as sympathetic as possible to the sentencing authority." *United States v. Clark,* 28 M.J. 401, 405 (C.M.A.1989). This places military judges between a rock and a hard place; "not only will he be reversed if reviewing authorities decide that he erroneously accepted an improvident plea, but he will suffer the same fate if he arbitrarily rejects a provident plea." *Id.* (quoting *United States v. Clark,* 26 M.J. 589, 593 (A.C.M.R.1988)).

■ The military judge recognized the problems raised by appellant's attempt to mitigate his guilt and made a heroic but vain effort to save appellant's plea and the pretrial agreement upon which it was based. We caution military judges and counsel alike about the practice of trying to save such guilty pleas. In the military, the providence of a guilty plea rests on *what the accused actually admits on the record.* The fact that a stipulation of fact or other evidence would convince the factfinder beyond a reasonable doubt is not an adequate substitute for the accused's admissions on the record. This is not the same as when an accused cannot remember what happened but accepts as true other evidence of his guilt, such as the report of a police investigation. A military judge is permitted to accept such a plea, even if it involves an offense requiring specific intent, because it does not negate the accused's acceptance of his guilt. *Penister,* 25 M.J. at 152 (citing *United States v. Moglia,* 3 M.J. 216 (C.M.A.1977)); *accord Martin,* 39 M.J. at 113. If, on the other hand, an accused is unwilling or unable to admit the elements of the offense, the military judge must reject the plea and enter a plea of not guilty. Article 45(a), UCMJ, 10 U.S.C. § 845(a) (1988).

### III. Sentence Appropriateness

■ Having substituted findings of guilty to the lesser-included offense of inde-

cent acts, for specifications 1, 2, and 6 of Charge III, we must try to determine what the sentence would have been absent the substitution. *United States v. Sales,* 22 M.J. 305, 307 (C.M.A.1986). If we can determine what sentence probably would have been adjudged, we may do so; otherwise, we must return the case for a rehearing. *United States v. Jones,* 39 M.J. 315, 317 (C.M.A. 1994); *United States v. Peoples,* 29 M.J. 426 (C.M.A.1990). If we are able to determine the sentence which probably would have been adjudged, we then must decide whether that sentence is nevertheless appropriate. *Peoples,* 29 M.J. at 428; *Sales,* 22 M.J. 305 (C.M.A.1986). We are convinced that, absent the error, the military judge would have adjudged the same sentence. We have given individualized consideration to the seriousness of the offenses, the character and military performance of appellant, and all circumstances documented in the record of trial. *United States v. Snelling,* 14 M.J. 267 (C.M.A.1982). We find the sentence is not inappropriate.

### IV. Conclusion

Consistent with the foregoing discussion, we set aside the approved findings of guilty to committing indecent acts with a child in specifications 1, 2, and 6 of Charge III, but affirm findings of guilty in each of those specifications, of the lesser included-included offense of committing indecent acts. The findings, as modified, and sentence are correct in law and fact, and accordingly, are

AFFIRMED.

Chief Judge DIXON and Judge BECKER concur.