UNITED STATES, Appellee

v.

LESTER E. BROWN, Private E-2, U. S. Army, Appellant

3 USCMA 454, 13 CMR 10

No. 2690

Decided December 4, 1953

LT COL George M. Thorpe, U. S. Army, 1ST LT Lee J. Rosch, U. S. Army, and 1ST LT Michael E. McGarvey, U. S. Army, for Appellant.

LT COL William R. Ward, U. S. Army, and 1ST LT Ezra B. Jones, Jr., U. S. Army, for Appellee.

GEORGE W. LATIMER, Judge:

The accused was convicted of taking indecent liberties with two children under 16 years of age, in violation of Article 134, Uniform Code of Military Justice, 50 USC § 728. He was sentenced to receive a dishonorable discharge, to forfeit all pay and allowances, and to be confined at hard labor for one year. Intervening reviewing and appellate authorities approved and affirmed the findings and sentence. We granted accused's petition for review limiting the issue to whether the specification alleges and the evidence establishes the offense of which the accused was found guilty.

The evidence, which is not in dispute, shows that on the afternoon of October 24, 1952, two young sisters, ages 10 and 7 years, together with a young woman, age 22 years, were bicycling along the street near Fort Benning, Georgia, when the accused approached them in an automobile. As he passed he exposed his private parts to them. The girls turned at an intersection and the accused proceeded along the street. A few moments later he turned around, approached the girls, drew abreast of them and, rising up in the seat of his automobile, again exposed himself. The specification under which he was tried reads as follows:

"In that Private Lester E. Brown, United States Army, Company A, 508th Airborne Infantry, did, at Fort Benning, Georgia, on or about 24 October 1952, take indecent liberties with . . . and . . ., both females under 16 years of age, by willfully and wrongfully exposing in an indecent manner to them in public, his penis with intent to gratify the sexual desires of the said Private Lester E. Brown."

The specification was composed by combining some suggested allegations found in each of two separate form specifications included in Appendix 6 of the Manual. (See forms 146 and 147, page 491, Manual for Courts-Martial, United States, 1951). Form 147 contains the standard allegation for indecent exposure while form 146 contains those for taking indecent liberties with a child. The latter form suggests such allegations as fondles or places his hand upon her body while the former contains only the elements of exhibition. It is to be noted that the element of bodily contact is omitted in the present charge. Thus, while purporting to charge the offense of taking indecent liberties with a child, the specification reads more like an allegation of the crime of indecent exposure. However, if an allegation of contact is necessary, then we find little, if any, difference between taking indecent liberties and committing an indecent assault with a female under 16. There is a particular form for indecent assault found in form 120, Appendix 6, and if some type of assault or battery was added to the present allegations, the specification would fit that form. From this it would seem to follow that either the framers of the Manual set out two forms for the same offense or the forms show a conceived plan to place the offense of indecent liberties in a class separate and apart from either indecent assault or indecent exposure. It can, of course, be argued that the element of age is the differentiating element between this offense and indecent assault. This is not entirely illogical when considered in the light of the two years difference in sentence. Indecent liberties carries a maximum confinement of seven years while indecent assault is limited to five years and there is reason to assume that the president would intend to impose a more severe punishment when the victim of an indecent assault was a small child rather than when a grown up person. However, the same reason can be applied to an indecent exposure. In that field the offense is much more serious when a child is the victim and the act is performed for sexual gratification and yet if the Manual provision on indecent liberties does not apply, there is no difference in the maximum punishment regardless of whether the exhibition was in the presence of one over or under 16 years of age. But more

important, if the liberties taken consist of requiring the minor to become the exhibitionist there would be no exposure by the party directing the act, and the prosecution of the real offender would be difficult. In the light of the evils the provision is directed towards, and the remedy in view, an interpretation which would bring about that result would be illogical.

Other than the information given by the form specification, the Manual contains no discussion of the elements of indecent exposure. It does, however, discuss the offense of taking indecent liberties with a child. Paragraph 213$d$ (3) states as follows:

"(3) INDECENT ACTS WITH A CHILD UNDER THE AGE OF 16 YEARS.

"Discussion.—This offense consists of taking any immoral, improper, or indecent liberties with, or the commission of any lewd or lascivious act upon or with the body of, any child of either sex under the age of 16 years with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of the person committing the act, or of the child, or of both. Consent by a child to any such act or conduct is not a defense."

The offense as defined above is stated in the disjunctive. It may be committed by (1) taking any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years with the intent of gratifying sexual desires, or (2) by committing any lewd or lascivious act upon or with the body of any child with the same intent. The proof required to establish the offense fortifies the conclusion that it was intended to set out different ways of committing the same offense as it sets out two methods in the alternative. Those are elemental requirements and unless the framers of the Manual were repeating themselves by requiring identical elements under both arms, the Government is not required to establish any touching under arm (*a*) while under arm (*b*) proof of contact is essential. We quote from the language of the Manual on the proof:

"Proof.—(*a*) That the accused

took certain immoral, improper, or indecent liberties with a certain child, as alleged; or that he performed a certain lewd or lascivious act upon or with the body of a certain child, as alleged; (*b*) that the child was under the age of 16 years, as alleged; and (*c*) facts and circumstances showing that the intent of the accused was to arouse, appeal to, or gratify the lust or passions or sexual desires of the accused or the child or both, as alleged."

It seems rather apparent from the wording used that the framers of the Manual were attempting to have the military offense modelled after the one proscribed by the District of Columbia Code. For that reason we set forth the provisions of Title 22, section 3501 of that Code, which was enacted in 1948:

"(a) Any person who shall take, or attempt to take any immoral, improper, or indecent liberties with any child of either sex, under the age of sixteen years with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child, or who shall commit, or attempt to commit, any lewd or lascivious act upon or with the body, or any part or member thereof, of such child, with the intent of arousing, appealing to, gratifying the lust or passion or sexual desires, either of such person or of such child, or of both such person and such child shall be imprisoned in a penitentiary, not more than ten years.

"(b) Any such person who shall, in the District of Columbia, take any such child or shall entice, allure, or persuade any such child, to any place whatever for the purpose either of taking any such immoral, improper or indecent liberties with such child, with said intent or of committing any such lewd, or lascivious act upon or with the body, or any part or member thereof, of such child with said intent, shall be imprisoned in the penitentiary not more than five years."

456

It will be noted that the foregoing section sets up the one element of the offense in the same disjunctive manner found in the Manual. While we have been unable to find any reported case in which this section has been interpreted, some nine years before its passage the United States Court of Appeals for the District of Columbia, in Beausoliel v. United States, 107 F 2d 292, affirmed a conviction of an indecent assault involving a minor. In that case the defendant, who was a taxi driver, exposed his private parts while driving his cab and requested a child passenger to touch him. The Court discussed the question of contact and while the opinion must be taken to have required an element of assault, the nature of the act was described as one which came within the common law concept of that offense. The Court in discussing that phase of the case stated:

"At common law, it was generally held that a man who took improper liberties with the person of a female, without her consent, was guilty of assault. Every female has a 'right to absolute security against any attempt to violate her person.' Alexander v. Glodgett, 44 Vt. 476, 479. The attempt need not be made violently, insolently, or in anger. Such assaults are not made in that way. Hence, to stand in proximity to a young girl in a state of indecent exposure with intent to ravish has been held to be an assault. Hays v. People, 1 Hill, N.Y., 351. So, too, it was held to be an assault to give to a girl figs containing 'love powders', which she ate and which made her ill. And, again, it was held to be an assault to sit on the bed of a girl and lean over her with a proffer of sexual intercourse. When an assault is committed upon a child, it is immaterial whether there is submission or resistance thereto. . . .

"In a case such as the present, threat or danger of physical suffering or injury in the ordinary sense is not necessary. The injury suffered by the innocent victim may be the fear, shame, humiliation, and mental anguish caused by the assault. Neither is it necessary that such a victim should be aware of the nature of the act or of the danger.

"Nor is it material that it was the hand of the child which touched the body of appellant, thus reversing the ordinary fact situation present in an assault. Under the circumstances of the present case it is the same as if appellant had placed his body in contact with the child, or had held her hand and forced it to do his bidding."

It impresses us that the District of Columbia Act of 1948 was enacted to escape from some of the difficulties being encountered in prosecuting this type of offense. The previous law dealing with assaults, as can be seen from the foregoing quotations, was too inflexible and inadequate to cope with the variety of crimes being committed by sexual psychopaths and it became necessary for Congress and the President to cover a wider field of sex crimes practiced on minors or committed in their presence. The evident purpose of this type of legislation is to protect children under a certain age from those acts which have a tendency to corrupt their morals, and if the many variations in which it is possible to take indecent liberties with a child are restricted to those founded on an assault or battery, then many debasing acts which are detrimental to the morals of a minor are not proscribed. Certainly, the injury to the child and the consequential damage to society from the performance of a depraved act in his presence are just as great as when there is an actual physical contact between the performer and the child. It may be that by extending assault to include any immoral or indecent act which might tend to cause minors to be embarrassed, humiliated, or ashamed, a finding of taking indecent liberties could be sustained on an assault theory but the extension is unnecessary as the provision presented under arm (a) would cover that area. In addition, there are cases wherein an accused exhibits himself or suggests that a minor do so, which do not cause some minors mental disturbance regardless of the depravity of the exhibition, and so there is a necessity for proscribing acts which are

degrading to minors even though an assault in the usually accepted sense has not actually been committed. That is why we believe the recent trend of legislation has been toward affording the minor more protection and why we further believe the District of Columbia Code and the Manual provisions are sweeping and set out the elements in the alternative. This eliminates any uncertainty, as the language used is broad enough to cover specifically those offensive situations in which an assault or battery is missing but the immoral and indecent liberties are so offensive that the minor is harmed.

Many jurisdictions have struggled with this problem and some have, under almost similar statutes, concluded that an assault was a necessary element. On the other hand, some authorities hold to the contrary. In a number of cases the statute dealt with indecent assault while in some the commission of lewd and lascivious acts upon a minor was the offense proscribed. A few of the decisions have held that "taking indecent liberties" and "indecent assault" are convertible and that the elements of proof are the same. However, in practically all instances there was an actual assault and battery so the rule as stated was unnecessary to the decision.

Illustrative of the rule that an assault is not necessarily an element in an indecent liberties violation are the three following cases. In People v. Peck, 314 Ill 237, 145 NE 353, the facts seem to indicate that, in so far as the separate offense of taking indecent liberties was concerned, there was only an exposure. The court said:

"The facts established in this case are, that on February 5, 1923, the defendant, in his automobile, in the presence of two small girls, both of whom were considered too young to testify as witnesses in the case, committed the crime against nature with the boy, James Costello, who was then a little over 6 years of age, it being the same crime of which the defendant Honselman, in the case of Honselman v. People, 168 Ill. 172, 48 N.E. 304, was convicted. On the same evening, as the record shows,

the defendant also exposed his privates to the Costello boy with the intent charged in the indictment.

. . . . . .

"It is true that the crime against nature and the other crimes mentioned in the proviso are expressly excepted from the statute, but the evidence in this case goes farther, and shows that in addition to the crime against nature the defendant was also guilty of the statutory crime charged. He makes no reference to the further and other crime committed by him which has already been stated in arguing this question. The statute under which the defendant was indicted provided that—

'Any person of the age of seventeen years and upwards who shall take . . . any immoral, improper or indecent liberties with any child of either sex, under the age of fifteen years, with the intent of arousing, appealing to or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child, . . . shall be imprisoned in the penitentiary not less than one year nor more than twenty years.'

"If the testimony of the Costello boy and of the police officer is to be believed, it clearly sustains the charge of taking indecent liberties with the Costello boy by the defendant with the intent charged. The commission of the crime against nature by the defendant upon the boy on the same evening is evidence of the intent with which the defendant committed the crime charged."

In People v. Lanham, 137 Cal App 737, 31 P2d 410, the District Court of Appeal, Third District, California, was confronted with a crime which included a battery but that Court stated:

"The contention of the appellant is that the evidence does not show that the defendant actually placed his hands upon, or that they came in contact with, the legs or any portion of the body of the child.

"The information does specifically allege that the defendant so acted; that his hands came in contact with

the legs of the little girl. The crime, however, denounced by section 288, supra, is complete, or may be completed without any such actual contact."

It is worth noting that in that case the court held contact was not necessarily involved in spite of the fact that the California act under consideration was only the equivalent of the second arm of the Manual provision. The law there under consideration provided that any person who wilfully and lewdly committed any lewd or lascivious act upon or with the body of a minor under a given age was guilty of the offense. If, under a law which is as narrow as the second arm of the Manual provision, contact is unnecessary, then it seems to follow that when we get into the wider coverage under the first arm there would be less reason for holding it was necessary.

In Cross v. People, 122 Colo 469, 223 P 2d 202, the Supreme Court of Colorado was considering a crime where the defendant took some pictures of two minor girls in lewd and indecent poses. There the court stated:

"It was carefully pointed out in Kidder v. People, supra, that the phrase 'indecent and improper liberties' as used in the first enumerated offense, is not synonymous with the words 'immodest, immoral and indecent liberties' as used in the second, third and fourth enumerated offenses, and we further stated: 'We construe the statute in question as providing that if a person fourteen years of age makes an assault and in connection therewith takes indecent and improper liberties with the person of a child under the age of sixteen years, he shall be deemed a felonious assaulter. The other three offenses enumerated in the statute require allurement, enticement or persuasion of a child under sixteen years of age into a room, etc., for the purpose of taking immodest, immoral and indecent liberties with the person of such child, or taking or attempting to take immodest, immoral or indecent liberties.'

"It is obvious from the foregoing that the element of assault is required only in the first enumerated offense, and not in the second, third and fourth offenses set out in said statute, and that the allegation and proof in the instant case was sufficient to sustain defendant's conviction."

On the other side of the ledger are those jurisdictions which appear to hold that assault is a necessary element of the offense. As similar to the group holding contrariwise these holdings are predicated upon the particular statute involved and since there was a battery the rule announced can be considered as dicta. We specifically direct attention to the provision of the law which is being interpreted in the next cited case. It is substantially the same as the California statute referred to in State v. Lanham, supra, and the wording of both acts point up the fact that the second arm of the Manual provision is the only one included.

In State v. Kocher, 112 Mont 511, 119 P 2d 35, the Supreme Court of Montana stated:

"The statute, section 11005, supra, under which the information was drawn, is as follows: 'Any person over the age of eighteen (18) years, who shall wilfully and lewdly commit any lewd or lascivious act, other than the acts constituting other crimes provided in sections 11000 to 11007, upon or with the body or any part or member thereof, of a child under the age of sixteen (16) years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, or of such child, shall be guilty of a felony, and shall be imprisoned in the state prison not exceeding five (5) years.'

. . . . . .

"We have held that there must be a physical contact between the two parties to constitute an act under the statute. In this case the defendant tried to unbutton the girl's dress. There is no evidence that he touched her arm, neck or shoulder or made a 'flesh to flesh' contact. We think the statute may be violated without such contact. To make such a distinction would put outside the pale of

the law many lewd and lascivious acts, which could be made upon the body of the person and yet no 'flesh to flesh' contact occurring. There was, however, physical contact between the defendant and the prosecutrix, within the meaning of the statute, when he placed his hand upon her shoulder and attempted to unbutton her dress. See People v. Hicks, 98 Mich. 86, 56 N.W. 1102; People v. Halistik, 69 Cal. App. 174, 230 P. 972; People v. Bronson, 69 Cal. App. 83, 230 P. 213; People v. Lanham, 137 Cal. App. 737, 31 P2d 410."

The Supreme Court of the State of Utah in State v. Waid, 92 Utah 297, 67 P2d 647, considered a state statute which defined only an indecent assault. An indecent liberties law had not been enacted. While the statement was gratuitous the Court stated:

"It seems clear that by the very terms of the statute itself a simple assault is a necessary element of the greater offense so defined and must of necessity be embraced within that definition. The terms 'indecent assault' and 'indecent liberties' have been held to be convertible terms. State v. Macmillan, 46 Utah, 19, 145 P 833. Indecent assault is an aggravated assault, and simple assault is necessarily included therein. 5 CJ 729."

In People v. Visel, 275 Mich 77, 265 NW 781, the highest court of the State of Michigan reversed a conviction of taking indecent liberties. There an erroneous instruction permitted the jury to find a defendant guilty of the substantive offense of taking indecent liberties if he committed any assault with that intent. In discussing the question raised on appeal, the Court made the following statement concerning the element of assault:

"An assault or an assault and battery is necessarily involved in the crime of taking indecent and improper liberties with a female child under the age of fourteen years. People v. Sanford, 149 Mich 266, 112 NW 910; People v Dupree, 175 Mich 632, 141 NW 672; People v. Place, 226 Mich 212, 197 NW 513."

To attempt a further review of the many civilian cases would be unprofitable in view of the fact that we find none that have involved a statute which is as broad as the law governing the offense in the armed services. One jurisdiction has a statute which incorporates arm (a) and a number have acts which are in substance similar to arm (b) of the Manual provision, but none have both. There is, however, one military case in which the Manual provision has been interpreted. In United States v. Hopp, 4 CMR (AF) 706, an Air Force Judicial Council held that an assault was not a necessary element of the offense. In that case the accused indecently exposed his private parts to a small child of seven years of age requesting that she observe them. He did not touch the child or attempt to do so. The board of review, with one member dissenting, held that physical contact was necessary and that the Government had failed to establish its case. The Judge Advocate General of the Air Force disagreed with that opinion and the case was referred to the Judicial Council. The Council reviewed and considered many of the authorities from civilian jurisdictions and, after concluding that they were interpreting a much more restricted statute, arrived at a conclusion contrary to the board of review. The following short quotation is extracted from that opinion:

"We are fully aware that in a great many cases founded upon laws other than that discussed in the Manual for Courts-Martial, 'indecent liberties' has been held to be synonymous with 'indecent assault.' These cases, decided under a variety of statutes dealing specifically with aggravated assaults and indecent liberties *with the person* of a child, are not of persuasive force in the construction of the specific terms of the Manual for Courts-Martial. . . ."

We see no reason for departing from the rule announced in that case. We must, of course, interpret the language of the Manual in such a way as to carry out the intent of the President. In doing that, it becomes necessary to consider the words employed, the necessity for the law, and the remedy in view.

In addition, our interpretation should be consonant with reason and afford a remedy for the evils which it is the purpose of the Manual to guard against.

The wording of the Manual expresses clearly two distinct branches of this particular offense. One branch leads to those offenses which do not act upon the body except in a subjective way, the other leads to that type of conduct which involves assault and battery. To conclude, therefore, that an assault is not necessary under the first arm would be consistent with the wording of the Manual. The necessity for the law was to throw a cloak of protection around minors and to discourage sexual deviates from performing with, or before them. Assuredly, our interpretation is not inconsistent with that need. The remedy for the evil, if any, is to provide substantial punishment for those who perform indecent and immoral acts which cause shame, embarrassment, and humiliation to children, or lead them further down the road to delinquency. To interpret the provisions to the effect that, unless there was a touching, the crime would be no more than indecent exposure would drop the maximum punishment to a point where it might not be substantial for the ordinary cases, let alone those of an aggravating nature.

Accused contends that if we affirm this conviction, we will be doing so on facts which at the most show only an indecent exposure. We have no hesitancy in saying that they establish that offense; but, we find they also establish the more serious offense of taking indecent liberties. This holding naturally poses the question of the difference between the crimes of indecent exposure and taking indecent liberties as they affect a minor under sixteen years of age. There is one substantial difference well recognized in criminal law. The crime of indecent exposure may be either intentional or negligent and it, in many jurisdictions, must be committed in a public place. There need be no intent connected with the commission of that crime other than the general intent which must be found in every criminal offense. Many persons under the influence of intoxicating liquors unintentionally expose themselves without knowledge that they are affecting the lives of children. In the crime of taking indecent liberties with a minor, the act must be done with intent to gratify the lust, passions, or sex desires of either the person committing the act or of the child. It should be readily apparent that when the act is committed with that specific intent, the potentiality for harm to the child is increased. Moreover, taking indecent liberties is the first step toward more serious sex crimes of a perverted nature and it would be shocking to find out the President intended to class them with petty offenses. We, therefore, believe that this offense is distinguishable from both the minor offenses of indecent exposure and assault, when the act is performed with the specific intent to satisfy the sexual desires of the participants.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge BROSMAN concur.