UNITED STATES, Appellee,

v.

Sergeant Samuel D. ZACHARY, United States Army, Appellant.

ARMY 20020984.

U.S. Army Court of Criminal Appeals.

18 July 2005.

For Appellant: Captain Eric D. Noble, JA (argued); Colonel Robert D. Teetsel, JA; Lieutenant Colonel Mark Tellitocci, JA; Major Allyson G. Lambert, JA; Captain Rebecca Bramlett, JA (on brief); Colonel Mark Cremin, JA; Lieutenant Colonel Mark Tellitocci, JA; Major Allyson G. Lambert, JA (on reply brief); Captain Charles L. Pritchard, Jr., JA.

For Appellee: Captain Isaac C. Spragg, JA (argued); Colonel Steven T. Salata, JA; Lieutenant Colonel Mark L. Johnson, JA; Lieutenant Colonel Theresa A. Gallagher, JA; Major Charles C. Choi, JA (on brief); Major Natalie A. Kolb, JA.

Before MERCK, Senior Judge, JOHNSON, and MOORE, Appellate Military Judges.

## OPINION OF THE COURT

MERCK, Senior Judge:

A military judge, sitting as a general court-martial, convicted appellant, in accordance with his pleas, of indecent acts with a child,[1] in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 [hereinafter UCMJ]. A court-martial panel composed of officer and enlisted members sentenced appellant to a bad-conduct discharge, total forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved only so much of the sentence as provides for a bad-conduct discharge, forfeiture of $737.00 pay per month until the discharge is executed, and reduction to Private E1.

This case is before the court for automatic review pursuant to Article 66, UCMJ. We have considered the record of trial, appellant's assignments of error, the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and the government's response thereto. We heard oral argument on 17 May 2005. In his first assignment of error, appellant asserts the following:

THE MILITARY JUDGE ERRED IN ACCEPTING APPELLANT'S PLEA OF GUILTY TO SPECIFICATION 1 OF THE CHARGE, INDECENT ACTS WITH A CHILD UNDER THE AGE OF 16, AS PROVIDENT WHERE: (1) THE FACTUAL PREDICATE PROVIDED BY APPELLANT WAS INSUFFICIENT TO ESTABLISH THAT HIS CONDUCT WAS EITHER SERVICE DISCREDITING OR PREJUDICIAL TO GOOD ORDER AND DISCIPLINE; AND (2) APPELLANT TESTIFIED AS TO HIS BELIEF THAT THE VICTIM HAD ATTAINED THE AGE OF 16.

We agree in part with appellant and will grant relief in the decretal paragraph.

---

1. Appellant was originally charged with one specification of indecent acts with a child and one specification of indecent acts with another, both in violation of Article 134, UCMJ. After findings were announced, the military judge granted a defense motion to consolidate the offenses into one specification, including both of the allegations contained in the original specifications. The military judge dismissed the indecent acts with another specification.

## FACTS

### Providence Inquiry

Appellant pled guilty to one specification of committing indecent acts with a child [2] and one specification of committing indecent acts with another.[3] During the providence inquiry, appellant testified under oath about the facts and circumstances of the offenses. Appellant explained that he was in a friend's room with two females, BA and RL, and the situation "got sexual in nature." He admitted that he performed oral sodomy on both BA and RL, while all three were present in the room; that he was not married to either of them; and that the acts were done with the intent to arouse the lust and sexual desires of BA.[4] He also agreed that the acts were "open and notorious" because a third person was present; that the acts were indecent; and that they were prejudicial to good order and discipline and service discrediting.

Appellant told the military judge, "Originally, when I met the females, sir, I didn't know [BA] was underage; but I know the act that was committed, or was done, was indecent, sir." He said that, subsequent to that evening, he found out from a Criminal Investigation Division (CID) agent that BA was actually only fourteen years old. Appellant agreed that BA was only fourteen; however, he maintained that at the time of the act he believed that she was over sixteen years old.[5]

The parties had the following discussion regarding appellant's mistaken belief as to BA's age:

2. Specification 1 of The Charge alleged:
 In that SGT Samuel D. Zachary, U.S. Army, did, at or near Darmstadt, Germany, between on or about 24 December 2001 and on or about 1 January 2002, commit an indecent act upon the body of [BA], a female under the age of 16 years of age, not the wife of the said SGT Samuel D. Zachary, by performing oral sodomy on her in the presence and sight of [RL] with the intent to arouse the lust of the said SGT Samuel Zachary.

3. Specification 2 of The Charge alleged:
 In that SGT Samuel D. Zachary, U.S. Army, did, at or near Darmstadt, Germany, between on or about 24 December 2001 and on or about 1 January 2002, commit an indecent act upon the body of [RL], by performing oral sodomy on her in the presence and sight of [BA].

MJ: Now, ... if I understand the government's theory, and [defense counsel], your theory of liability in pleading Sergeant Zachary guilty; is that the indecency is not connected to the age of [BA], but rather the fact that the oral sodomy was performed on her by the accused in the presence of a third party. Is that it?

DC: That's correct, Your Honor.

MJ: So even though Sergeant Zachary may have been mistaken about [BA's] age, that mistake is not a defense to this offense, because the indecency, as well as the element of prejudicial conduct and service discrediting conduct, is tied to the nature of the act itself; that is, that the act of oral sodomy was open and notorious; that is performed in the presence of a third party.

DC: That's correct, Your Honor.

MJ: Do you understand that, Sergeant Zachary?

ACC: Yes, sir.

MJ: Is that your understanding, [trial counsel]?

TC: Yes, Your Honor.

The military judge indicated that he would consider the two specifications as one offense. He informed appellant that the maximum sentence which could be adjudged based on his guilty plea included seven years of confinement.[6] The military judge then revisited the mistake of fact issue with defense counsel:

4. With regard to appellant's acts with RL, the military judge did not discuss whether the acts were done with the intent to arouse either appellant's or RL's sexual desire because this is not an element of the offense of indecent acts with another as it is with indecent acts with a child. Compare Manual for Courts–Martial, United States (2002 ed.) [hereinafter MCM] Part IV, para. 87b with para. 90b.

5. RL was apparently seventeen years old at the time of the act.

6. The maximum punishment for indecent acts with a child under the age of sixteen includes seven years of confinement. MCM, Part IV, para. 87e. The maximum punishment for indecent acts with another includes five years of confinement. MCM, Part IV, para. 90e.

MJ: And I think we alluded to this briefly, [defense counsel], but you did have a chance to do your research into a mistake of fact defense on Specification 1, as it relates to the age of BA?

DC: That's correct, Your Honor.

MJ: And are you satisfied that the mistake of fact defense does not exist in this case?

DC: That's correct, Your Honor.

MJ: And you had a chance to discuss this in some detail with Sergeant Zachary?

DC: Yes, Your Honor.

MJ: And again, that's because the indecency is tied directly to the number of participants, rather than the age of the putative victim, correct?

DC: That's correct, Your Honor.

The military judge subsequently accepted appellant's plea.

### Sentencing

During the defense sentencing case, appellant made an unsworn statement to the panel members. He explained that when he first met BA and RL, they said that they were both seventeen, about to turn eighteen. Appellant provided the following answers to questions by his defense counsel:

Q: First of all, did you have any idea what her age was?

A: In reference to?

Q: [BA]

A: Her real age, ma'am?

Q: Her real age.

A: No, ma'am.

Q: How did you find out what her real age was?

A: I found out approximately two and a half weeks later, when I was investigated by CID, what her age was and her real name.

Q: So when you first met her you had no idea what her real name and her real age was?

A: No, ma'am.

Q: Where did you get all the fake information from?

A: I got it from her, ma'am.

The defense counsel later asked appellant, "What are the reasons, all the reasons, why you believe you had no idea you were dealing with someone who was under 16?" Appellant replied:

Just for the mere fact, ma'am, I've been in 6 years; and there's always been a CQ; not just a staff duty, but a CQ with a visitor's log, where they can check IDs, so on and so forth; and I was just getting here and I automatically thought hey— because on Kelly [Barracks] there's nothing else open after 7 o'clock, 1900, so I just assumed after I asked her to believe her. I mean, she gave me no reason to lie at that point in time—I mean to think she was lying. I mean she was straightforward; she seemed very confident, everything that happened. I mean, it just seemed something a mature person would do.

The trial counsel focused on the young age of the females during his sentencing argument to the panel. He argued that appellant's claim that he did not know BA's true age was "a boldfaced lie." He continued by saying, "Don't let such lies go unpunished. The accused lied when he told you that. He knew how old she was. She's a young girl and what he did was an act of child molestation."

### LAW

"For a guilty plea to be provident, the accused must be convinced of, and be able to describe, all of the facts necessary to establish guilt." *United States v. O'Connor*, 58 M.J. 450, 453 (C.A.A.F.2003). The military judge must elicit "'factual circumstances as revealed by the accused himself [that] objectively support that plea[.]'" *Id.* (quoting *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F.2002)).

"If an accused ... after a plea of guilty sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently ..., a plea of not guilty shall be entered in the record...." UCMJ art. 45(a). Our superior court has made clear that a military judge's responsibility under Article 45, UCMJ, "includes the duty to explain to a military accused possible de-

fenses that might be raised as a result of his guilty-plea responses." *United States v. Smith,* 44 M.J. 387, 392 (C.A.A.F.1996); *see United States v. Jemmings,* 1 M.J. 414, 418 (C.M.A.1976); *United States v. Sims,* 33 M.J. 684, 686 (A.C.M.R.1991); Rule for Courts–Martial [hereinafter R.C.M.] 910(e) discussion. We will set aside a finding of guilty based on a guilty plea if the record of trial shows a "substantial basis in law and fact for questioning the guilty plea." *United States v. Prater,* 32 M.J. 433, 436 (C.M.A.1991).

## DISCUSSION

Appellant admitted that he committed an indecent act with two females, one of whom he later discovered was under the age of sixteen. However, appellant repeatedly asserted that, at the time of the act, he did not know that the girl was underage. Furthermore, nothing in the providence inquiry indicates that he should have known this fact at the time. The question posed by this case is whether an accused can be convicted of indecent acts with a child when he has no reason to know that he is acting with a person under sixteen. In other words, is an honest and reasonable mistake of fact as to the child's age a defense to the offense of indecent acts with a child?

■ "Criminal liability is normally based upon the concurrence of two factors, 'an evil-meaning mind [and] an evil-doing hand....'" *United States v. Bailey,* 444 U.S. 394, 402, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980) (quoting *Morissette v. United States,* 342 U.S. 246, 251, 72 S.Ct. 240, 96 L.Ed. 288 (1952)). Generally, every element of an offense contains a mental component, or *mens rea. See United States v. Greaves,* 40 M.J. 432, 437 n. 5 (C.M.A.1994). If the accused possesses an incorrect belief as to facts essential to an element, he may not have the requisite mental state and the government may not be able to carry its burden of proof to obtain a conviction. *See Greaves,* 40 M.J. at 433 (stating that an honest and reasonable mistake of fact as to consent constitutes an affirmative defense "in the nature of legal excuse" to indecent assault); *United States v. McDivitt,* 41 M.J. 442, 443–44 (C.A.A.F.

1995); *United States v. McMonagle,* 38 M.J. 53, 60 (C.M.A.1993) (holding that a mistake of fact can rebut the state of mind required for a conviction under Article 118(3), UCMJ); R.C.M. 916(j). In order to determine whether, and in what manner, the defense of mistake of fact applies to an offense, it is necessary to identify both the elements of the crime and the corresponding *mens rea* required.

### Determining the Elements of an Offense

An element of a crime is a fact which the prosecution must prove to sustain a conviction for that offense. Black's Law Dictionary 538 (7th ed.1999). "The definition of the elements of a criminal offense is entrusted to the legislature, particularly in the case of federal crimes, which are solely creatures of statute." *Liparota v. United States,* 471 U.S. 419, 424, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985). The offenses punishable by courts-martial are codified in Articles 77 through 134 of the UCMJ.

■ The obvious starting point for identifying the elements of a crime is the statute itself. In Part IV of the *MCM,* the President has provided, by executive order, what has been called "a treatise on substantive military criminal law" [7] explaining the punitive articles of the UCMJ, "listing their elements, identifying lesser included offenses, establishing the maximum punishments, and providing sample specifications." Gregory E. Maggs, *Judicial Review of the Manual for Courts–Martial* [hereinafter Maggs], 160 Mil. L.Rev. 96, 97 (June 1999). This section explains and, in many cases, expands on the statutory elements found in the UCMJ. The degree of deference accorded by the courts to the President's interpretation of the punitive articles varies, depending on two issues: (1) which punitive article of the UCMJ is at issue, and (2) whether the issue being discussed relates to an element necessary for a conviction or an aggravating factor which serves to increase the maximum sentence for an offense.

---

**7.** *United States v. Field,* 36 M.J. 697, 699 (A.F.C.M.R.1992).

### 1. Articles 77 through 132, UCMJ vs. Article 134, UCMJ

When analyzing the offenses codified by Congress in Articles 77 through UCMJ, the courts have treated the President's analysis as "mere commentary," which is "important" but "not binding." *United States v. Watson*, 31 M.J. 49, 52 (C.M.A.1990); *United States v. Mance*, 26 M.J. 244, 252 (C.M.A.1988). Where the President's substantive analysis of these articles has deviated or exceeded the statutory language, the courts have declined to follow it where they do not believe it represents the best interpretation of the statute. Maggs, 160 Mil. L.Rev. at 139; *see, e.g., United States v. Czeschin*, 56 M.J. 346, 349 (C.A.A.F.2002); *Mance*, 26 M.J. at 252; *United States v. Ferguson*, 40 M.J. 823, 828 (N.M.C.M.R.1994); *United States v. Omick*, 30 M.J. 1122, 1124 (N.M.C.M.R.1989). In such cases, the courts have emphasized that "the President does not have power to redefine the elements of punitive articles and thus change substantive criminal law." [8] Maggs, 160 Mil. L.Rev. at 129.

The analysis has been different when courts interpret the elements of offenses arising under the general article, Article 134, UCMJ. The statutory elements of such offenses are (1) that the accused did or failed to do certain acts; and (2) that, under the circumstances, the accused's conduct was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces. UCMJ art. 134; *United States v. Cherukuri*, 53 M.J. 68, 71 (C.A.A.F.2000). The President has identified fifty-three specific offenses that can fall within the proscribed range of conduct [9] and provided a list of "elements" that the government must prove to obtain a conviction for each of these offenses. *MCM*, Part IV, para. 61–113. The courts have generally accepted the President's explanation of these elements as defining what is required to obtain a conviction for a specified offense under Article 134, UCMJ.[10] Maggs, 160 Mil. L.Rev. at 140. As one commentator has explained:

> Article 134 contains such broad language that its enforcement inevitably raises policy questions. The courts have respected the separation of powers by not undertaking to answer these questions themselves. Instead, they have deferred to the President who, as Commander–in–Chief, has expertise in the area of military justice. Congress presumably intended this approach; the open-ended language of Article 134 exhibits a need for narrowing by the President.

Maggs, 160 Mil. L.Rev. at 141. Thus, in the unique case of offenses charged under Article 134, UCMJ, we look at both the statute and the President's explanation in Part IV of the

---

**8.** Our superior court has emphasized "the difference between Presidential interpretation of substantive offenses and Presidential issuance of rules in Part IV [of the *MCM*] protecting the rights of servicemembers." *Czeschin*, 56 M.J. at 348. The Court of Appeals for the Armed Forces has clearly stated that "the President has the authority to grant greater rights under Part IV than might be provided by statute." *Id.* "As a result, when a Presidential rule is unambiguous in terms of granting greater rights than provided by a higher source, the rule governs, unless it clearly contradicts the express language of the UCMJ." *Id.* (citing *United States v. Davis*, 47 M.J. 484, 486 (C.A.A.F.1998)).

**9.** The offenses delineated by the President in Part IV, para. 61—113 of the *MCM* comprise a nonexclusive list of conduct which may violate Article 134, UCMJ. Even if conduct by an accused does not fall within any of the offenses listed in these paragraphs, it may still be charged if it otherwise meets the statutory elements of Article 134, UCMJ. *MCM*, Part IV, para. 60c(6)(c).

**10.** For example, in examining the issue of multiplicity, the Court of Appeals for the Armed Forces has said that the President's explanation in Part IV of the *MCM* "is the appropriate source from which to draw the elements" of offenses charged under Article 134, UCMJ. *United States v. Oatney*, 45 M.J. 185, 188 (C.A.A.F.1996); *United States v. Foster*, 40 M.J. 140, 145–46 (C.M.A. 1994). Similarly, courts have adopted the President's listing of the elements of crimes under Article 134, UCMJ, when examining questions of legal sufficiency. *See, e.g., United States v. Brinson*, 49 M.J. 360, 363–64 (C.A.A.F.1998) (accepting the President's list of elements for the offense of indecent language in violation of Article 134, UCMJ, but supplementing the President's explanation of the term "indecent"); *United States v. Polk*, 47 M.J. 116, 119–20 (C.A.A.F.1997); *United States v. Standifer*, 40 M.J. 440, 442–43 (C.M.A. 1994). *But see United States v. Asfeld*, 30 M.J. 917, 927–28 (A.C.M.R.1990) (rejecting *MCM's* attempt to apply obstruction of justice in violation of Article 134, UCMJ, "to encompass the same wrongs defined by federal statutes").

*MCM* to determine the elements of the offense.

### 2. *Elements vs. Aggravating Factors*

■ It is also important to distinguish between the elements of an offense and "aggravating factors." [11] An "aggravating factor" is "a fact or situation that increases the degree of liability or culpability for a . . . criminal act." *See* Black's Law Dictionary 236 (7th ed.1999) (defining "aggravating circumstance"). Such factors serve to increase the permissible punishment for a particular offense and must be established beyond a reasonable doubt before findings, but are not necessary to obtain a conviction for the underlying offense. *United States v. Harris,* 21 U.S.C.M.A. 590, 593, 45 C.M.R. 364, 367, 1972 WL 14194 (1972).

■ Congress has granted the President the statutory authority under Article 56, UCMJ, to establish the maximum punishment for each offense under the UCMJ. For some offenses, he has exercised this authority to establish a graduated punishment scheme, depending on the existence of one or more aggravating factors. These include the duration of the absence in an absence without leave (AWOL) case, the value and military nature of property in a larceny or wrongful appropriation case, and the age of the victim in an assault case. *MCM,* Part IV, paras. 10e(2), 46e(1), 54b(3)(c). While the courts must defer to the President's determination of aggravating factors in the context of maximum punishment,[12] these factors are not elements of the offenses, and have not generally been treated as the functional equivalent thereof. Consequently, they do not contain a *mens rea* component and the defense of mistake of fact does not ordinarily affect the maximum sentence that can be imposed based on the aggravating factor.[13]

### *Determining the Mens Rea Component of an Element*

Rule for Courts–Martial 916(j)(1), which summarizes the defense of mistake of fact as it applies to the military, divides elements into three categories, depending on the *mens rea* required: (1) specific intent elements, which require "premeditation, specific intent, willfulness, or knowledge of a particular fact;" (2) general intent elements, which require "only general intent or knowledge;" and (3) strict liability elements where

---

11. The discussion which precedes para. 1 of Part IV of the *MCM* states, "The term 'elements,' as used in Part IV, includes both the statutory elements of the offense and any aggravating factors listed under the President's authority that increases the maximum permissible punishment when specified aggravating factors are pleaded and proven." In some cases, military courts have likewise labeled aggravating factors as "elements," particularly when analyzing whether a providence inquiry in a guilty plea was sufficient to support a finding that one of these factors existed. *See United States v. Barton,* 60 M.J. 62 (C.A.A.F.2004); *United States v. Harding,* 61 M.J. 526 (Army Ct.Crim.App.2005). However, the use of the term "element" in these cases signified that the aggravating factor at issue must be proven beyond a reasonable doubt, or in the case of a guilty plea, supported by facts admitted by the accused, to obtain a conviction for the aggravated offense and subject an accused to the increased maximum punishment. *Cf. United States v. Lingenfelter,* 30 M.J. 302, 306 n. 3 (C.M.A. 1990) (stating that "sentence 'elements' are pleaded in the specification and proved in the same manner as offense elements" and that "in order to subject an accused to these higher potential maximum sentences, the prosecution must prove sentence 'elements' beyond a reasonable doubt—at findings").

12. *See United States v. Henry,* 35 M.J. 136, 137 (C.M.A.1992).

13. For example, an accused can be convicted of larceny of military property, even if at the time of the offense he had no way of knowing the property belonged to the military. *Cf. United States v. Bellett,* 36 M.J. 563, 564 (A.F.C.M.R.1992) (stating that the military character of property is not an element of the offense of larceny and a larceny conviction is "sound" without proof of the "aggravating circumstance"). An exception to this general rule occurs in Article 125, UCMJ, if the sodomy occurs by force and without consent. *See, e.g., United States v. Thomas,* 45 M.J. 661, 664–65 (Army Ct.Crim.App.1997) (applying mistake of fact defense to "by force" and "without consent" factors, but indicating, in dicta, that the defense did not apply to the aggravating factor of "with a child" in the context of Article 125, UCMJ). The factors of "by force" and "without consent" are not statutory elements, but aggravating factors added by the President in Part IV of the *MCM.* Nonetheless, the courts have applied the defense of mistake of fact to those factors. *See id.*

"knowledge or intent is immaterial." A mistake of fact regarding a specific intent element must only be honest to constitute a defense, while a mistake as to a general intent element must be both honest and reasonable. R.C.M. 916(j)(1). Because strict liability elements do not contain a *mens rea* component, a mistaken belief as to facts within those elements is not a defense. *Id.*

 The question of whether knowledge or intent is material to an element is an issue of statutory construction. *Staples v. United States*, 511 U.S. 600, 604, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994). A fundamental principle regarding this issue is that strict liability offenses, requiring no *mens rea* for at least one element,[14] have a "generally disfavored status." *Liparota v. United States*, 471 U.S. 419, 426, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985). "Silence ... by itself does not necessarily suggest that Congress intended to dispense with a conventional *mens rea* element, which would require that the defendant know the facts that make his conduct illegal." [15] *Staples*, 511 U.S. at 605, 114 S.Ct. 1793; *see United States v. Langley*, 33 M.J. 278, 281 (C.M.A.1991) (stating that since no specific intent is mentioned in Article 120, UCMJ, only general *mens rea* is involved). The Supreme Court has suggested that there must be some indication of congressional intent to impose strict liability in the criminal arena.[16] *Staples*, 511 U.S. at 606, 114 S.Ct. 1793. As such, the starting point for analyzing legislative intent must be the plain language of the statute. *Id.* at 605, 114 S.Ct. 1793.

*Analysis of Indecent Acts With a Child*

### 1. Plain Language and History of the Offense of Indecent Acts with a Child

For the offense of indecent acts with a child, the President has outlined the elements as follows:

(a) That the accused committed a certain act upon or with the body of a certain person;

(b) That the person was under 16 years of age and not the spouse of the accused;

(c) That the act of the accused was indecent;

(d) That the accused committed the act with intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim, or both; and

(e) That, under the circumstances, the conduct of the accused was to the preju-

**14.** The Supreme Court has categorized offenses as strict liability crimes where *mens rea* is omitted for at least one element of a particular offense. *See Staples*, 511 U.S. at 607, n. 3, 114 S.Ct. 1793. Thus, even where an offense does not dispense entirely with *mens rea*, and therefore does not impose strict liability in its truest form, the Court has "interpreted [the offense] to eliminate the requirement of *mens rea; that is, the requirement of a 'guilty mind' with respect to an element of a crime." *Id.*

**15.** In fact, the defense of mistake of fact has been applied to multiple general intent crimes in the military, ranging from being absent without leave to rape, where there is no affirmative indication that knowledge or intent of the accused is relevant to the element at issue. *See, e.g., United States v. Hibbard*, 58 M.J. 71, 72 (C.A.A.F.2003) (applying mistake of fact to rape); *United States v. Brown*, 22 M.J. 448, 451 (C.M.A.1986) (applying mistake of fact to violation of a general regulation); *United States v. Timmins*, 21 U.S.C.M.A. 475, 45 C.M.R. 249, 1972 WL 14168 (1972) (applying mistake of fact to AWOL).

**16.** This analysis appears to be in accord with the *MCM's* treatment of the mistake of fact defense. The discussion section to R.C.M. 916(j) provides two examples of offenses in which the accused's intent or knowledge is immaterial; carnal knowledge if the victim is under twelve years of age and improper use of a countersign. In Part IV of the *MCM*, the explanation of the offense of improper use of a countersign explicitly addresses the relevance of an accused's knowledge of the required facts. *MCM*, Part IV, para. 25c(4) (stating that "[t]he accused's intent or motive in disclosing the countersign or parole is immaterial to the issue of guilt, as is the fact that the disclosure was negligent or inadvertent" and that "[i]t is no defense that the accused did not know that the person to whom the countersign or parole was given was not entitled to receive it"). Article 120, UCMJ, now defines when mistake of fact constitutes a defense to carnal knowledge and specifically excepts out cases where the victim is under the age of twelve. While the discussion section accompanying the Rules for Courts–Martial was not part of the executive order signed by the President in promulgating the *MCM*, it is illustrative of the drafters' intent with regard to the third category of elements in R.C.M. 916(j).

dice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces. *MCM,* Part IV, para. 87b(1). Neither Article 134, UCMJ, nor the President's explanation of the elements of indecent acts with a child affirmatively indicates that it was intended as a strict liability offense, with no requirement that an accused know that he is acting with or upon a child. UCMJ art. 134; *MCM,* Part IV, para. 87.

The lack of such an affirmative indication stands in stark contrast to what was formerly the quintessential strict liability offense, carnal knowledge in violation of Article 120, UCMJ. When that offense was originally enacted, the President's explanation in Part IV of the *MCM* contained the following provision:

> It is no defense that the accused is ignorant or misinformed as to the true age of the female, or that she was of prior unchaste character; it is the fact of the girl's age and not his knowledge or belief which fixes his criminal responsibility. Evidence of these matters should, however, be considered in determining an appropriate sentence.

*MCM,* (1951 ed.), para. 199b.[17] The President has included no such provision that would otherwise define the offense of indecent acts with a child as a strict liability offense.[18]

The absence of any affirmative signal that the offense was intended to impose strict liability is especially telling in light of its history. The offense of "indecent acts with a child under the age of 16 years" was one of the first offenses the President specified under Article 134, UCMJ, first appearing in the *MCM* in 1951. *See MCM,* 1951, para. 213d(3). Military courts interpreting the statute have recognized that the offense was modeled after a similar offense in the 1948 District of Columbia Code. *See United States v. Baker,* 57 M.J. 330, 334 (C.A.A.F. 2002); *United States v. Brown,* 3 U.S.C.M.A. 454, 456, 13 C.M.R. 10, 12, 1953 WL 2382 (1953); *United States v. Strode,* 39 M.J. 508, 513 (A.F.C.M.R.1993).

As noted by the Air Force Court of Military Review, the 1948 D.C.Code provision specifically stated that lack of knowledge of the child's age was not a defense, yet this explicit disclaimer was not adopted into the *MCM's* discussion of the crime. *Strode,* 39 M.J. at 513, n. 8 (citing 62 Stat. 347 (1947); D.C.Code Ann. § 22–3501(c)). The *MCM's* omission of the D.C.Code's explicit provision renouncing the defense is an indication that such knowledge *is* material to the offense in the military. However, even if some ambiguity could be read into the *MCM's* silence on this issue, we note that "where there is some ambiguity growing out of congressional [or in this case, Presidential] silence under the circumstances, the doubt must be resolved in the favor of lenity." *United States v. Cartwright,* 13 M.J. 174, 176 n. 4 (C.M.A.1982) (internal quotation omitted); *United States v. Ferguson,* 40 M.J. 823 (N.M.C.M.R.1994). This means that we should resolve any doubts on this issue in favor of the accused.

### 2. *Prior Case Law*

The question of whether the mistake of fact defense applies to the offense of indecent acts with a child in violation of Article 134, UCMJ, was addressed in opinions by the Air Force Court of Military Review[19] and the Court of Appeals for the Armed Forces in *United States v. Strode.* The Air Force Court of Military Review framed the issue by stating:

> [W]e will determine whether Airman Strode's mistaken belief went only to the *degree* of his legal culpability or to the

---

17. Even this offense, which is often cited as the classic example of a strict liability offense, was amended by an act of Congress to allow for a defense of mistake of fact as to the age of the person with whom the sexual intercourse occurred, if the child was over the age of twelve. National Defense Authorization Act for Fiscal Year 1996, Pub.L. No. 104–106, 110 Stat. 186 (codified in 10 U.S.C. § 920(d)).

18. The President did not completely omit any discussion of possible defenses to the crime of indecent acts with a child. He did expressly state that consent of the child is not a defense. *MCM,* Part IV, para. 87c(1). However, he included no such repudiation of the mistake of fact defense.

19. In 1994, this court became the Air Force Court of Criminal Appeals.

issue of whether his conduct was legally 'wrong at all.' *United States v. Adams*, 33 M.J. 300, 302 (C.M.A.1991). In other words, if we disregard the victim's age, was his conduct criminal? If the answer is Yes, his mistaken belief was only a mitigating factor and irrelevant to the question of whether he committed a statutory offense. *United States v. Strode*, 39 M.J. 508, 512 (A.F.C.M.R.1993). The court went on to say that, if the victim's age was disregarded, the only other offense the accused could have committed was indecent acts with another. Therefore, the relevant analysis was whether the providence inquiry in that case established that appellant committed an indecent act. The court concluded that *"when the victim's age is disregarded,* Airman Strode's conduct was not criminal. Therefore, his mistaken belief goes to whether his conduct was legally 'wrong at all.' " *Id.* at 512.

The Air Force court held that "[r]egardless whether knowledge of the victim's age is relevant to the proscribed conduct, a reasonable mistaken belief about the victim's age is relevant for determining whether the conduct was discrediting to the service." *Id.* at 513. Thus, the court expressly avoided the issue of whether knowledge is relevant to the "age element" of the offense of indecent acts with a child and confined its holding to the application of mistake of fact to the statutory elements of Article 134, UCMJ, that is, whether the accused's conduct was service discrediting.

The Judge Advocate General of the Air Force certified the issue to the Court of Appeals for the Armed Forces. In affirming the holding of the Air Force court, the Court of Appeals for the Armed Forces stated that, in a prosecution for indecent acts with a child, "age is relevant to prove the elements that the act was indecent and service-dis-crediting. An act that may not be indecent between consenting adults may well be made indecent because it is between an adult and a child." *United States v. Strode*, 43 M.J. 29, 32 (C.A.A.F.1995). The court held that "[m]istake of fact is available to a military accused who is charged with committing indecent acts with a child under the age of 16 if he had an honest and reasonable belief as to the age of the person *and* if the acts would otherwise be lawful were the prosecutrix age 16 or older." *Id.* at 33. Accordingly, if the government relies on the age of the child to establish that the acts are indecent and service discrediting, the defense of mistake of fact may be available.

Our superior court also discussed the issue not addressed by the lower court; the application of the mistake of fact defense to the "age element" of the offense. The court classified the fact of the age of the child as a "sentence-enhancing factor," rather than an element, and concluded that a mistake of fact as to age did not change the maximum punishment of the offense. *Id.* at 32. However, in discussing a different issue in *United States v. Baker*, 57 M.J. 330, 334 (C.A.A.F. 2002), the court subsequently listed the age of the child as an "element" of the offense of indecent acts with a child.[20] Because the issue of whether the age of the child is a sentence enhancer or an element was not squarely before our superior court in either *Strode* or *Baker*, it appears that this is still an open question which is now directly before this court.[21]

### 3. Determining the Elements, Mens Rea, and the Application of Mistake of Fact

■ Based on the plain language in the *MCM* and the history of the offense as described by our case law, we find no reason to

---

**20.** In the same opinion, the court recognized the distinction between elements of an offense and "sentence enhancement factors." *Baker*, 57 M.J. at 334.

**21.** The age of the child had no effect on the elements of indecency or service discrediting conduct in this case. During the providence inquiry, the military judge secured acknowledgements from appellant and both counsel that the acts were indecent and service discrediting, independent of the age of the victim, because the acts were committed in the presence of a third person. It is well-established that otherwise lawful sexual conduct is indecent and service discrediting if committed in public, making the act "open and notorious." *United States v. Sims*, 57 M.J. 419, 421, 422 n. 3 (C.A.A.F.2002). "An act is 'open and notorious . . . when the participants know that a third person is present.' " *Id.* at 421 (quoting *United States v. Berry*, 6 U.S.C.M.A. 609, 614, 20 C.M.R. 325, 330, 1956 WL 4521 (1956)).

deviate from the President's designation of the age of the child as an element of the offense. While the President delineated the elements of the offense of indecent acts with a child in the *MCM* in 1951, a similar discussion of the offense of indecent acts with another did not specifically appear in the *MCM* until over thirty years later, in 1984.[22,] * Consequently, the offense of indecent acts with a child cannot be considered an aggravated version of the crime of indecent acts with another, with the age of the child acting merely as a sentence enhancer. On the contrary, we conclude that it is a distinct offense.[23]

As the Air Force Court of Criminal Appeals has cogently observed:

The offense of indecent acts with a child is somewhat peculiar. One would think the offense is the same as indecent acts, with a sentence enhancing element for offenses committed against children under 16 years of age. Although we believe the President has the authority, under Article 56, UCMJ, 10 U.S.C. § 856 (1994), to add such a sentence enhancer to the offense of indecent acts, he has not. The offense of indecent acts with a child, instead, was drafted from a District of Columbia Code provision. An element of that offense, but not indecent acts, is that 'the accused committed the act with the intent to arouse, appeal to or gratify the lust passions, or sexual desires of the accused, the victim, or both.'

*United States v. Eddy*, 41 M.J. 786, 789 (A.F.Ct.Crim.App.1995) (internal quotations and citations omitted). If the President had desired to limit the age of the child to the role of "sentence enhancer" to the offense of indecent acts with another, he could have done so. Instead, he has chosen to designate two offenses. Therefore, in answering the question of whether mistake of fact applies in this case, we find that the age of the child is an element of the offense rather than merely an aggravating factor.

We must next determine the *mens rea* required for this element, using the categories in R.C.M. 916(j)(1). Clearly, it does not require specific knowledge or intent. Furthermore, there is no indication in either the plain language of the *MCM* or in the history of the offense that it was intended as a strict liability element where knowledge or intent is immaterial.[24] Therefore, the element must fall within the second class of elements described in R.C.M. 916(j)(1), which requires only general intent or knowledge. As a result, an honest and reasonable mistake of fact as to the child's age would excuse an otherwise culpable act upon or with a child.

One other issue warrants discussion. Our superior court has previously stated:

[There is] a critical distinction, long recognized in the corpus of law involving sex offenses, between a mistake of fact that

---

**22.** We recognize that the President specified a maximum punishment for "indecent or lewd acts with another" and that a form specification for the offense was included in the 1951 *MCM*. *MCM*, 1951 at 226, 492. However, these references do not support the conclusion that indecent acts with a child under the age of sixteen was merely intended to be an aggravated form of the offense of indecent acts with another. Instead, the two were consistently treated as distinct offenses and were not originally analyzed as a greater and lesser offense. *See MCM*, 1951 at 226, 540. *Compare MCM*, 1951 at 220 (listing aggravating factors increasing punishment for offenses of desertion and absence without leave) *and* 223 (discussing aggravating factors increasing punishment for larceny) *with* 226 (listing "indecent acts or liberties with a child under the age of 16 years" and "indecent or lewd acts with another" as separate offenses).

* Corrected

**23.** Indecent acts with another is now a listed lesser included offense of indecent acts with a

child under the age of sixteen. *MCM*, Part IV, para. 87d.

**24.** Our superior court has previously implied that such knowledge is important. In explaining the distinction between charging the offense of indecent exposure versus the offense of taking indecent liberties with a child by the same act of indecent exposure, the court stated:

The crime of indecent exposure may be either intentional or negligent and it, in many jurisdictions, must be committed in a public place. There need be no intent connected with the commission of that crime other than the general intent which must be found in every criminal offense. Many persons under the influence of intoxicating liquors unintentionally expose themselves *without knowledge that they are affecting the lives of children.*

*United States v. Brown*, 3 U.S.C.M.A. 454, 461, 13 C.M.R. 10, 17, 1953 WL 2382 (1953) (emphasis added).

goes to *degree* of legal and moral turpitude, on the one hand and a mistake of fact that goes to whether the act was legally or morally wrong *at all,* on the other hand. *United States v. Adams,* 33 M.J. 300, 302 (C.M.A.1991) (footnote omitted). In *Strode,* the court similarly stated that the defense of mistake of fact applied where "the acts would otherwise [have been] lawful" if the victim had been over the age of sixteen. *Strode,* 43 M.J. at 33; *see United States v. Rowan,* 4 U.S.C.M.A. 430, 433, 16 C.M.R. 4, 7, 1954 WL 2420 (1954). During oral argument on this matter, government counsel asserted that the defense of mistake of fact was thus unavailable to appellant because the appellant's acts constituted the offense of indecent acts with another, notwithstanding the tender age of one of his co-actors. Therefore, the government asserts that appellant's plea of guilty to indecent acts with a child is provident, despite appellant's asserted mistake as to the age of the child. However, we do not believe that the language quoted above means that mistake of fact is an all or nothing defense.[25]

▮ Instead, we believe the better interpretation of our precedents is that where an accused acts under a mistake of fact, but would still be guilty of a lesser offense if the facts were as he believed them to be, he should be found guilty of the lesser rather than the greater offense.[26] In addressing this issue, it is worth noting that the *MCM* states that a mistake of fact is a defense if, were the circumstances as the accused believed them to be, "the accused would not be guilty of *the* offense." R.C.M. 916(j)(1) (emphasis added). The rule does not require that, if the circumstances were as appellant believed them to be, he would not be guilty of *any* offense. *Id.*

Moreover, we are aware of no case where a court has upheld a conviction of a greater offense because an accused possessed only the *mens rea* required for a lesser crime. On the contrary, the courts have recognized instances where a mistake of fact can lower the level of culpability, rather than negate it altogether. For example, courts have applied the defense to forcible sodomy,[27] even though the accused would still be guilty of consensual sodomy if the facts were as the accused believed. *See United States v. Quintanilla,* 56 M.J. 37, 82 (C.A.A.F.2001) (stating that the military judge's initial omission of instruction on mistake of fact as to rape and forcible sodomy was error); *United States v. Gamble,* 27 M.J. 298, 308 (C.M.A. 1988) (setting aside convictions for rape and forcible sodomy for failure of military judge to provide instruction on mistake of fact as to consent); *United States v. Thomas,* 45 M.J. 661, 664–65 (Army Ct.Crim.App.1997).

The courts have also recognized the possibility of a mistake of fact defense in situations where an accused would have been guilty of another, less serious offense. For example, in *United States v. Simpson,* 55 M.J. 674, 709 (Army Ct.Crim.App.2001), *aff'd,* 58 M.J. 368 (C.A.A.F.2003), this court

**25.** When the language in *Strode* in particular is analyzed in context, we believe it is properly limited to the conclusion that the defense of mistake of fact *is* available where the acts would not have been indecent or service discrediting, but for the age of the child. It should not be so broadly read as to define when the defense *is not* available.

**26.** In explaining the general application of the mistake of fact defense, American Jurisprudence, Second Edition, states:

When a person commits an act based on a mistake of fact, his guilt or innocence is determined as if the facts were as he perceived them. Where a defendant's ignorance or mistake of fact constitutes a defense to [the] offense charged, he still may be convicted of an offense for which he would be guilty if facts had been as he believed.

21 Am.Jur.2d Criminal Law § 152 (2004). The Model Penal Code also recognizes this partial defense, stating that where an accused "would be guilty of another offense had the situation been as he supposed," a mistake of fact that would otherwise constitute a defense to the crime "shall reduce the grade and degree of the offense of which he may be convicted to those of the offense of which he would be guilty had the situation been as he supposed." MODEL PENAL CODE § 2.04(2). Of course, a mistake that does not excuse the charged offense is no defense. *United States v. Myles,* 31 M.J. 7 (C.M.A.1990); *United States v. Coker,* 2 M.J. 304, 308 (A.F.C.M.R.1976); *United States v. Anderson,* 46 C.M.R. 1073, 1075, 1973 WL 14558 (A.F.C.M.R.1973).

**27.** *See, infra,* note 13.

analyzed the issue of whether the evidence supported a claim of mistake of fact as to consent where the accused was a drill sergeant charged with the rape of multiple trainees under his control. Even if the victims had consented as the accused claimed, the accused would still have been guilty of violating a general regulation for having improper relationships with trainees under his supervision. *Id.* at 678 n. 1. We did not preclude the application of the defense on that basis, but found instead that the evidence did not support a finding that appellant reasonably believed that the victims consented. *Id.* at 709. In *United States v. Carr,* 18 M.J. 297, 301 (C.M.A.1984), our superior court declined to preclude a defense of mistake of fact for the crime of rape where the accused knew that he was committing adultery, but claimed that he did not know that the sexual intercourse was nonconsensual. The court stated that "it would seem almost whimsical to let guilt or innocence of rape hinge on the marital status of one of the participants." *Id.*

In this case, prohibiting the defense on the basis that appellant knew he was committing an indecent act would go beyond whimsical. Even a cursory reading of the sentencing case shows that the government's focus was squarely on the fact that appellant acted with a child, rather than the inherent indecency of the act.[28] In cross-examining several defense witnesses, the trial counsel asked about appellant's act of "child molestation." During the government sentencing argument, the trial counsel again referred to appellant's act as one of "child molestation" and labeled appellant a "child molester." We fail to see the logic or the justice in allowing the determination of whether to affix such a stigmatiz-

ing label on an accused depend on whether he commits the act in the presence of a third person. This is particularly true when, if appellant had engaged in sexual intercourse with the same fourteen-year-old girl in private, his mistake of fact as to her age could have constituted a complete defense. *See* UCMJ art. 120(d). We cannot interpret the UCMJ or the *MCM* as supporting such an uneven result.

### CONCLUSION

■ We hold that it is a defense to indecent acts with a child that, at the time of the act, the accused held an honest and reasonable belief that the person with whom the accused committed the indecent act was at least sixteen years of age.[29] Where the acts are indecent and service discrediting independent of the age of the child, as is the case here, the accused may properly be convicted of the offense of indecent acts with another, which is the offense that he would have been committing if the facts were as he believed them to be.

■ Appellant's claim that he was mistaken about BA's age at the time of the acts raised matters inconsistent with his guilty plea. Because the military judge did not fully explain the mistake of fact defense to appellant or elicit facts which negated the defense, we find that the military judge erred by accepting the plea of guilty to the offense of indecent acts with a child.[30]

However, we find that appellant's statements during the providence inquiry adequately support a finding of guilty to the lesser included offense of indecent acts with another, in violation of Article 134, UCMJ. *See United States v. Sapp,* 53 M.J. 90

---

**28.** All the parties agreed during the providence inquiry that the indecency was based on the public nature of the act, an act involving three people, and not on the age of one of the victims.

**29.** This is not to say, however, that the government must demonstrate that an accused had actual knowledge that the child was under the age of sixteen in order to obtain a conviction. A mistake of fact in this context must be reasonable in order to constitute a defense. Consequently, the defense is unavailable if an accused acts negligently with regard to ascertaining his intended partner's age. In other words, if an ac-

cused reasonably should be aware that he is acting with a child under the age of sixteen, he would be guilty of the offense, regardless of his actual knowledge. *Cf.* UCMJ art. 120(d)(2) (limiting mistake of fact defense to carnal knowledge to offenses involving children over twelve years of age).

**30.** The military judge's acceptance of appellant's plea was entirely reasonable in light of the uncertainty of this issue at the time of appellant's trial. However, in analyzing this issue of first impression before our court, we must find in retrospect that the military judge erred.

(C.A.A.F.2000) (holding that where plea of guilty to charged offense is improvident, the court may affirm a finding of guilty to a lesser included offense which is supported by the providence inquiry). Accordingly, the court affirms only so much as the finding of guilty as finds:

> In that Sergeant Samuel D. Zachary, U.S. Army, did, at or near Darmstadt, Germany, between on or about 24 December 2001 and on or about 1 January 2002, wrongfully commit an indecent act upon the body of BA, a female not the wife of the said Sergeant Samuel D. Zachary, by performing oral sodomy on her, in the presence and sight of RL; and wrongfully commit an indecent act upon the body of RL, by performing oral sodomy on her, in the presence and sight of BA.

Reassessing the sentence on the basis of the errors noted, the entire record, and the principles in *United States v. Sales,* 22 M.J. 305 (C.M.A.1986), the court affirms only so much of the sentence as provides for reduction to Private E1.

Judge JOHNSON and Judge MOORE * concur.

---

* Judge Moore took final action in this case prior to her retirement.