**UNITED STATES**

v.

**Loren D. OMICK, 571 23 4468, Aviation Support Equipment Technician (Mechanical) Airman (E–3), U.S. Navy.**

**NMCM 89 1710.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 11 Aug. 1988.

Decided 20 Nov. 1989.

---

LT Thomas Miro, JAGC, USNR, Appellate Defense Counsel.

LCDR Lawrence W. Muschamp, JAGC, USN, Appellate Government Counsel.

Before McLERAN, Senior Judge, and HILTON and RUBENS, JJ.

PER CURIAM:

■ Pursuant to his pleas, appellant was convicted by a military judge sitting alone as a special court-martial of possessing cocaine with intent to distribute, using cocaine, and distributing cocaine, and was sentenced to confinement for 120 days, forfeiture of $447.00 pay per month for 4 months, reduction in pay grade to E–1 and a bad-conduct discharge. The convening authority disapproved the confinement but approved the remainder of the sentence. Appellant waived representation by appellate defense counsel but did not waive appellate review.[1] After our initial review of

1. There appears to be a common misunder-    standing that waiving counsel on the appellate

the record of trial, we ordered that counsel be appointed to represent appellant and specified the following issue:

DOES THE PROVIDENCE INQUIRY PROVIDE A SUFFICIENT FACTUAL BASIS TO SUSTAIN A FINDING OF GUILTY OF DISTRIBUTION OF CO-CAINE IN THE ABSENCE OF AN AC-TUAL PHYSICAL TRANSFER OF THE DRUG?

We conclude that it does and affirm the findings and sentence.

Appellant agreed to provide cocaine to a buyer with the understanding that he would keep a portion for his personal use. Appellant met with a buyer of cocaine in the buyer's truck. "Here it is," appellant said, referring to a gram of cocaine in his hand. "Okay," the buyer replied, "just hold onto it until we get to my house." The buyer then paid appellant half of the agreed upon price, stepped out of the truck and had appellant arrested, because, unbeknownst to appellant, the buyer was an undercover agent with the Naval Investigative Service (NIS).

Article 112a of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a, prohibits a servicemember from distributing cocaine. Congress did not, however, explicitly define "distribute" in the UCMJ. We must, therefore, determine what meaning Congress intended "distribute" to have in Article 112a in order to answer the specified issue.

■ Absent an explicit definition in the UCMJ, the next best source for determining what Congress means when it uses a word is to examine the same word in a similar context elsewhere in the United States Code. The federal civilian counterpart to Article 112a defines "distribute" as meaning "to deliver (other than by administering or dispensing) a controlled substance or a listed chemical." 21 U.S.C. § 802(11). "Deliver" means "the actual, constructive, or attempted transfer of a controlled substance or a listed chemical...." 21 U.S.C. 802(8).

The President also defined "distribute" at Paragraph 37c(3), Part IV, Manual for Courts–Martial (MCM), United States, 1984. In so doing, he attempted to restate the above definitions from the United States Code. MCM, 1984, Analysis, para. 37(3), p. A21–95. Inexplicably, however, the phrase "to the possession of another" was added to the definition of "distribute" following the word "deliver." Para. 37c(3), MCM, 1984. The meaning and effect of this additional phrase need not be determined because in areas of substantive criminal law, the President has no authority to prescribe binding rules. *Ellis v. Jacob*, 26 M.J. 90, 92–3 (C.M.A.1988). To whatever extent this phrase attempts to impose additional meaning not intended by Congress, it must be ignored. The Manual accurately reflects the Congressional definition of "deliver" to include "attempted transfer of an item." Federal case law interpreting the Congressional definitions is therefore helpful in resolving the specified issue.

■ *United States v. Oropeza*, 564 F.2d 316 (9th Cir.1977), *cert. denied*, 434 U.S. 1080, 98 S.Ct. 1276, 55 L.Ed.2d 788 (1978), held that the defendant distributed the drugs in question although he had not yet relinquished physical possession when he was arrested prior to the consummation of the controlled buy. The court reasoned that this was an "attempted transfer" and therefore it constituted a "delivery" which constituted a distribution. Identical reasoning was used to uphold the defendant's conviction in *United States v. Tamargo*, 672 F.2d 887 (11th Cir.1982).

Appellant attempted to transfer the gram of cocaine to the buyer and, in fact, had received half-payment before the attempted transfer was interrupted by the buyer's refusal to accept delivery. This also was an "attempted transfer" and so constituted "delivery" which meant that he had "distributed" the gram of cocaine to his buyer. Appellant adequately estab-

rights statement contained in the Manual of the Judge Advocate General of the Navy also waives

appellate review. It does not.

lished the underlying facts during his providence inquiry.

 Appellant, however, was convicted for possessing with intent to distribute the same gram of cocaine which he was convicted of distributing. The military judge considered these two convictions multiplicious for sentencing purposes. They were more than that, however; they were multiplicious for findings purposes because the possession offense was a lesser-included offense of the distribution offense. *United States v. Zubko*, 18 M.J. 378 (C.M.A. 1984).

Accordingly, the finding of guilty of the offense of possession is dismissed; the remaining findings of guilty are affirmed. Because the judge did consider the possession and distribution offenses multiplicious for sentencing purposes, we are convinced that he would have adjudged the same sentence had he properly dismissed the possession charge. *United States v. Sales*, 22 M.J. 305 (C.M.A.1986). The sentence as approved on review below is affirmed.