CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, BURTON, and SALUSSOLIA
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant RUDY L. RIVERA**
**United States Army, Appellant**

ARMY 20160393

Headquarters, United States Army Maneuver Center of Excellence
Richard J. Henry, Military Judge
Colonel Wendy P. Daknis, Staff Judge Advocate

For Appellant: Lieutenant Colonel Christopher D. Carrier, JA; Captain Katherine L. DePaul, JA (on brief).

For Appellee: Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Cormac M. Smith, JA; Major Steve T. Nam, JA (on brief).

28 November 2017

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SALUSSOLIA, Judge:

In this case we hold that that the offenses for which appellant was convicted fall outside the Supreme Court's decision in <u>Elonis v. United States</u>, 135. S. Ct. 2001 (2015)[1]. We so find because a *mens rea* of knowledge or recklessness with respect to whether the victim consented to the offenses of sexual assault and abusive sexual contact is not required to separate wrongful conduct from innocent conduct.

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of sexual assault and one specification of

---

[1] Corrected

abusive sexual contact, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for twelve months, and reduction to the grade of E-3. The convening authority credited appellant with fifty-five days of pretrial confinement.

This case is before the court for review under Article 66, UCMJ. Appellant raises two assignments of error, one of which merits discussion but no relief. We have also reviewed the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they are without merit.

## BACKGROUND

Appellant and Ms. TA were close friends for years and often discussed their private lives with one another. They did not, however, have a romantic relationship.

In December of 2014, Ms. TA saw appellant at his brother's house when she stopped by to drop off a Christmas present. Ms. TA became upset upon seeing appellant because they had not talked to each other in a while. Later that night, Ms. TA returned to the house to attend a party. Upon seeing appellant, she apologized for her earlier behavior. Ms. TA also learned that appellant had gotten married one week prior.

At the party, both appellant and Ms. TA participated in drinking games and consumed alcohol. Appellant claimed that Ms. TA revealed some cleavage during the games to distract his play. Ms. TA denied this claim and others viewing the games described their interaction as playful but not flirtatious.

As the party wound down early the next morning, appellant and Ms. TA sat in separate chairs and talked. They discussed the evening's events and appellant's new spouse. Ms. TA told appellant she was not used to sleeping with her legs hanging over the arm of chair, and stated "I'm not used to sleeping like this; I usually sleep cuddling pillows or this was going to be hard for me to sleep without cuddling." After this statement, appellant placed her on a small sofa with him and they laid next to each other with her back toward his chest in a "spooning position." There she fell asleep.

Ms. TA was first awakened upon feeling appellant touch her left hip under her clothing. She believed the touching was accidental and went back to sleep. Appellant then began manipulating the clasp of her bra causing her to wake up. Ms. TA continued to believe appellant's touching was accidental and "shuffle[d] a bit" to move his hand in case he was asleep.

2

She next woke up upon feeling appellant touch her breasts. This time Ms. TA moved her body in an effort to get appellant to stop, which he did. Ms. TA was awakened one more time when she felt appellant's fingers penetrate her vulva. Although she wanted to say something during these incidents, she described herself as being in a "drunken haze" and unable to find words. Rather, she again moved around, eventually turning over to face him. This caused appellant to remove his fingers from her vulva. He then picked her up and placed her on the floor. She reported the incident to law enforcement a month later.

At trial, appellant admitted to fondling her breasts and penetrating her vulva. He claimed, however, it was consensual based on her movements, which he characterized as "grinding" against him. Appellant also answered in the negative when asked on cross-examination whether, prior to her "grinding," there was "nothing in [appellant's] mind" that indicated to him that Ms. TA was "consenting to sex" or "consenting to being touched in a sexual manner."

## LAW AND ANALYSIS

Appellant was convicted of one specification of sexual assault under Article 120, UCMJ. The pertinent elements for the offense of sexual assault are: (1) that the accused committed a sexual act upon another person; by (2) causing bodily harm to that other person. UCMJ art. 120(b)(1)(B). Here, the sexual act—penetrating Ms. TA's vulva with his fingers—was also the very same bodily harm caused. Appellant was also convicted of one specification of abusive sexual contact in violation of Article 120, UCMJ. The pertinent elements for the offense of abusive contact are: (1) that the accused committed a sexual contact upon another person by (2) causing bodily harm to that other person. *Id.*; UCMJ art. 120(d). In this instance, the sexual act—touching Ms. TA's breasts—was also the very same bodily harm caused.

Appellant asserts that the findings of guilty are legally insufficient in light of the U.S. Supreme Court's decision in *United States v. Elonis,* 135 S. Ct. 2001 (2015), and requests this court set aside appellant's conviction.[2] Specifically, appellant asserts "lack of consent" is a "material element" of both sexual assault and abusive sexual contact and because Congress was silent as to an applicable *mens rea* for this element, *Elonis* requires this court to apply a mens rea of either knowingly or recklessly. We disagree. Rather we hold that the offenses under Article 120, UCMJ, for which appellant was charged and convicted, fall outside the Supreme Court's decision in *Elonis*.

---

[2] Appellant's trial concluded after *Elonis* was decided. Appellant did not raise the issue of the *mens rea* requirement regarding Article 120, UCMJ, during the trial.

3

Determining what *mens rea* is applicable to an offense is a matter of statutory construction and is reviewed de novo. *United States v. Gifford*, 75 M.J. 140, 142 (C.A.A.F. 2016); *United States v. Zachary*, 61 M.J. 813, 820 (Army Ct. Crim. App. 2005) (citing *Staples v United States*, 511 U.S. 600, 604 (1994)).

In *Elonis*, the Supreme Court was faced with interpreting a criminal statute, 18 U.S.C. § 875(c), that was silent on the *mens rea* required to commit the offense of communicating a threat through interstate commerce. The Court emphasized that "[w]hen interpreting federal criminal statutes that are silent on the required mental state, we read into the statute only that *mens rea* which is necessary to separate wrongful conduct from otherwise innocent conduct." 135 S. Ct. at 2010 (quoting *Carter v. United States*, 530 U.S. 255, 269 (2000)) (internal quotation marks omitted). The Court concluded that when a statute is silent in this regard, the *mens rea* required to commit the offense must be greater than simple negligence. *Elonis*, 135 S. Ct. at 2010. In *United States v. Gifford,* the Court of Appeals for the Armed Forces (CAAF) applied *Elonis* to Article 92, UCMJ in finding a general order prohibiting servicemembers from providing alcohol to individuals under twenty-one years of age failed to state any *mens rea* requirement; the court determined the minimum *mens rea* that could be ascribed to this offense was "recklessness." 75 M.J. at 148 (C.A.A.F. 2015).

The Supreme Court's decision in *Elonis* and the CAAF's decision in *Gifford* are predicated on the absence of a statutory *mens rea* requirement and require reading into the statute only the *mens rea* necessary to separate wrongful conduct from otherwise innocent conduct.

Article 120, UCMJ, as applied in this case, was not silent as to *mens rea*. Here, the government was required to prove appellant committed both the sexual act and the sexual contact with the specific *mens rea* of "an intent to abuse, humiliate, harass, or degrade any person" or "to arouse or gratify the sexual desire of any person." UCMJ art. 120(g)(1)(B), (2)(B). As the bodily harm element common to both offenses was the sexual act and sexual contact, which already had a specific *mens rea*, we do not read an additional *mens rea* requirement into them.[3] Moreover, the specific *mens rea* as to the sexual act and sexual contact, along with the

---

[3] We reject appellant's assertion that "lack of consent" is a material element of the crime of sexual assault or abusive sexual contact requiring a separate *mens rea*. Consistent with our superior court, we believe it is more precise to treat the "nonconsensual" requirement as a potential subsidiary fact with respect to the element of bodily harm rather than a distinct element of the offense. *See United States v. Neal*, 68 M.J. 289, 301-02 (C.A.A.F. 2010) (interpreting the 2006 version of Article 120 to allow "treating evidence of consent as a subsidiary fact potentially relevant to a broader issue in the case, such as the element of force.").

government's requirement to prove these acts were "nonconsensual" is sufficient to separate innocent consensual sexual activity from wrongful sexual misconduct.[4]

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CAMPANELLA and Senior Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[4] Our review is limited to the application of Article 120, UCMJ, under the specific facts of this case. That is, we do not address the application of *Elonis* where a sexual assault involves penile penetration. Nor do we address it under the circumstances where a sexual act or sexual contact and the bodily harm are different acts.